Richard **MEDLOCK**, Appellant (Plaintiff),

v.

Greg **VAN WAGNER**, d/b/a Cimmaron Village Mobile Home Park, Appellee (Defendant).

No. 5413.

Supreme Court of Wyoming.

March 19, 1981.

Cal Rerucha, Laramie, for appellant.

Douglas Madison, Dray, Madison & Thomson, P. C., Cheyenne, for appellee.

Before ROSE, C. J., RAPER, THOMAS and ROONEY, JJ., and SAWYER, District Judge.

ROONEY, Justice.

This action by appellant-plaintiff, a telephone installer, was predicated upon an injury which he suffered from a fall on some defective stairs at the rear entrance to a trailer house owned by appellee-defendant and rented to a third party. The material facts are not controverted, and a summary judgment was granted to appellee on the basis that he did not owe a duty to appellant with reference to the stairs. In his appeal from the summary judgment, appellant contends that there was such duty.

We affirm.

The trailer house which was rented to the third party (hereinafter referred to as "Mullins") was one of several owned by appellee and situated in a trailer park owned by him in Cheyenne. The rented trailers, including the one rented to Mullins, were provided with front stairs but not with rear stairs. The stairs involved herein were metal and were originally situated at the back door of Mullins' next door neighbor. This neighbor gave the stairs to Mullins and informed Mullins that two bolts were missing from the first stair. Mullins placed the stairs for use at the rear door of the trailer house rented by him without repairing them. Neither appellee nor any of his agents or employees knew that the stairs were defective or that they were being used by Mullins.

At Mullins' request, appellant went to the rental house trailer to install a telephone. While doing so, he fell on the defective rear stairs, occasioning the injuries upon which this action was predicated.

Appellant recognizes that tort liability must be based upon a duty, citing *Brubaker v. Glenrock Lodge International Order of Odd Fellows*, Wyo., 526 P.2d 52 (1974). He contends that a duty to appellant, as a business invitee, was here imposed on appellee as a landlord, either by common law or by the lease between appellant and Mullins.[1] The determination of the existence of a duty is a matter of law and not the province of the jury. *Maxted v. Pacific Car & Foundry Company*, Wyo., 527 P.2d 832 (1974).

A careful review of the lease does not reflect the establishment of a duty on appellee relative to the stairs in question. The only provision thereof on which appellant relies to do so reads:

" * * * Lessee shall pay for all gas, heat, electricity, and telephone service, which services must be contracted or arranged for directly between lessee and the appropriate utility company within three (3) days after occupancy."

Although the provision might evidence an expectation on appellee's part that a utility service man may be on the premises, it does not impose on him any duty relative to inspection or repair of stairs which were not part of the leased premises and which he did not know were there.

At common law, a lessor would not ordinarily be held liable for injuries by a defective condition of the premises which arose after the lessee had taken possession, or for a defective condition which existed at the time possession was delivered unless it was a latent defect which was known to lessor, or concerning which he should have known, and which he did not make known to lessee.[2] *Hefferin v. Scott Realty Co.*, 71

---

[1] Both parties recognize that no statutory duty is here imposed in Wyoming.

[2] There are some exceptions to the common-law rule, such as its inapplicability to areas over which the landlord retained control and which were for common usage by multitenants. 49 Am.Jur.2d, Landlord and Tenant § 805.

Wyo. 114, 254 P.2d 194 (1953); *Matter of Estate of Mora*, Wyo., 611 P.2d 842 (1980); 49 Am.Jur.2d, Landlord and Tenant §§ 780, 786, 788, 789, 982; Prosser, Law of Torts (4th ed. 1971), § 63, pp. 399, et seq.

" * * * The landlord is not liable for injuries, to a person on the premises in the right of the tenant, caused by a defect in the premises which results from an act of the tenant. On the same principle, he is not liable to a person who as servant, licensee, or guest of the tenant is lawfully on the premises, and is injured by a source of danger created or maintained by the tenant without the license or consent of the landlord." 49 Am.Jur.2d, Landlord and Tenant § 786.

The facts of this case preclude any liability on the part of appellee under the common-law rule. The stairs were not here used in a common usage area. Appellee was never in possession of them. They were not part of the leased premises. They were placed on the premises by Mullins after he took possession. Appellee did not know that they were placed on the premises. Appellee had no knowledge of the defect. Mullins did.

The duty on the part of appellee requisite for appellant's action did not exist. See *Sunde v. Tollett*, 2 Wash.App. 640, 469 P.2d 212 (1970); *Wingard v. McDonald*, Fla.App., 348 So.2d 573 (1977); *Starns v. Lancaster*, Ky.App., 553 S.W.2d 696 (1977); *Parrish v. Witt*, 171 Mont. 101, 555 P.2d 741 (1976).

Affirmed.