Dale E. BARLAGE, Appellant (Plaintiff),

v.

KEY BANK OF WYOMING, a Wyoming corporation, f/k/a First Wyoming Banc Corporation, Appellee (Defendant).

No. 93–115.

Supreme Court of Wyoming.

March 16, 1995.

William R. Fix of Fix & Mulligan, Jackson, for appellant.

Rick A. Thompson of Hathaway, Speight, Kunz & Trautwein, Cheyenne, for appellee.

Before GOLDEN, C.J., and THOMAS, CARDINE,* MACY and TAYLOR, JJ.

THOMAS, Justice.

The major question in this case is whether a warranty of habitability is extended in the sale of a house by a financial institution that acquired the property by foreclosure. Dale E. Barlage (Barlage) purchased the house from Key Bank of Wyoming (Key Bank) and later sued Key Bank to recover damages caused by water leaking into a crawl space under the house. Barlage's theories of recovery were breach of an implied warranty of habitability, breach of contract, negligent misrepresentation, fraudulent misrepresenta-

* Retired July 6, 1994.

tion, and negligent and intentional infliction of emotional distress. The district court ruled there were no genuine issues of material fact, and it granted a summary judgment to Key Bank. The district court held the tort claims were barred by the statute of limitations; there had been no breach of any express contractual warranty; and the warranty of habitability was limited to the situation in which the seller is the builder. The district court correctly ruled there were no genuine issues of material fact with respect to the tort claims, the contract claim, and the warranty claim, and Key Bank was entitled to judgment as a matter of law. The summary judgment entered in the district court in favor of Key Bank is affirmed.

Barlage, in his Brief for Appellant, sets forth these issues:

A. Whether the statute of limitations has expired on the Appellant's tort claims.

B. Whether the Appellant has stated a claim for breach of implied warranty of fitness for habitability.

C. Whether the Appellant has stated a claim for breach of contract.

In the Brief of Appellee, presented on behalf of Key Bank, the issues are restated as:

1. Did the trial court correctly rule that the Plaintiff's tort claims are barred by the statute of limitations?

2. Did the trial court correctly rule that the implied warranty of fitness for habitability in the sale of housing only applies against the builder of the home?

3. Did the trial court correctly rule that the Defendant is entitled to summary judgment on the Plaintiff's breach of contract claim?

Key Bank acquired the property involved in this case by purchase at a foreclosure sale in 1985. The actual foreclosure was conducted by owners of the second mortgage but, to protect its first and third mortgages, Key Bank purchased the property at the foreclosure sale. Key Bank proceeded to list the property for sale with local real estate firms. Barlage, however, learned from an employee of the Key Bank that the property was available as a potential investment opportunity.

After learning of the availability of the house, Barlage submitted an offer, which was substantially below the appraised value, in the fall of 1985. Barlage's offer was accepted by the Key Bank, and a contract for sale of the house was executed on December 20, 1985. All of the terms of the contract for sale were incorporated in that written contract. It provided that Barlage would make a down payment of $20,900, and Key Bank would finance the balance. The sale was closed on April 1, 1986, with Key Bank loaning $188,100 to Barlage to finance the balance.

Beginning in that year, Barlage proceeded with substantial renovations to both the interior and exterior of the house. His improvements included work on a trout pond approximately forty feet from the house which was cleaned and deepened to increase the flow. The renovations were so substantial that about a year later the home was appraised for $441,000.

In 1989 and the following years, Barlage suffered various financial problems, and he stopped making the mortgage payments to Key Bank. In 1991, he still was in default, and Key Bank initiated foreclosure proceedings. The foreclosure was resolved when the holder of a subsequent lien bought Key Bank's mortgage. On May 1, 1992, Barlage brought this action against Key Bank. He alleged the house was "improperly designed, engineered and built," and was not "structurally fit." His claims for relief included breach of implied warranty, breach of contract, negligent misrepresentation, fraudulent misrepresentation, and negligent and intentional infliction of emotional distress.

At his deposition, Barlage testified his complaints about improper design and structural unfitness of the house were based solely on the fact water seeped into the crawl space beneath the house. He stated he had first noticed water in the crawl space in the fall of 1986, approximately five and one-half years prior to the filing of his action. More specifically, he testified he noted the seepage because of problems with the furnace which was located in the crawl space. The furnace became water damaged and stopped work-

ing, and he had to replace it with a new furnace.

The district court concluded Barlage had notice of his tort claims for more than four years prior to the filing of his action and, consequently, his claims premised on tort theories were barred by the statute of limitations.[1] With respect to the warranty of habitability, the trial court ruled the warranty of habitability was limited to situations in which the seller is a builder who has actual knowledge or a better opportunity to know of patent or latent defects of which the purchaser is unaware. With respect to the claim for breach of contract, the trial court ruled the contract did not encompass the express warranty Barlage relied upon.

Barlage appeals from a summary judgment entered by the trial court on all claims for relief. He challenges, by his articulated issues and his brief, each of the legal premises upon which the trial court relied in entering the summary judgment in favor of Key Bank.

■ With respect to the contention the implied warranty of habitability attached to this transaction, Wyoming has not extended the implied warranty of habitability beyond a sale of improved property by the builder. *ABC Builders, Inc. v. Phillips,* 632 P.2d 925 (Wyo.1981); *Moxley v. Laramie Builders, Inc.,* 600 P.2d 733 (Wyo.1979); *Tavares v. Horstman,* 542 P.2d 1275 (Wyo.1975). The implied warranty of habitability is premised upon the proposition that the builder is in a superior position to know of any defects in improved property whether they are patent or latent. We have required this warranty to be honored by the builder even as to remote purchasers, but we have refused to apply that doctrine to intermediate owners of the property who were not builders. As we said in *ABC Builders,* 632 P.2d at 932:

> In private sales between vendor, not a builder-vendor, and a vendee, ordinarily the vendor has no greater skill in determining quality than has the vendee and they are in an equal bargaining position.

Sometimes, purchasers of improved real estate are unable to meet their obligations under a note and mortgage or under a conditional sales contract. When the property is foreclosed by the mortgagee, or the contract is forfeited with title remaining in the seller, there is no good policy reason for requiring that owner to insure the quality of the premises unless that mortgagee or that seller was the initial builder. When an implied warranty of habitability is claimed under facts such as these, we are satisfied, as we have indicated in previous cases, that the common law doctrine of *caveat emptor* is applicable.

■ We are in full accord with the determination by the trial court that the statute of limitations had run with respect to Barlage's tort claims. Wyoming is a discovery state in which the statute of limitations is triggered when the plaintiff knows or has reason to know of the existence of a cause of action. *Mills v. Garlow,* 768 P.2d 554 (Wyo. 1989). That rule with respect to statutes of limitations for tort theories was articulated in *Duke v. Housen,* 589 P.2d 334, *reh'g denied,* 590 P.2d 1340 (Wyo.1979), *cert. denied,* 444 U.S. 863, 100 S.Ct. 132, 62 L.Ed.2d 86 (1979), and it has been consistently followed. *E.g., Anderson v. Bauer,* 681 P.2d 1316 (Wyo. 1984); *Ogle v. Caterpillar Tractor Co.,* 716 P.2d 334 (Wyo.1986).

It is clear Barlage was first aware of water seepage into the crawl space in 1986. In endeavoring to avoid the statute of limita-

---

1. Wyo.Stat. § 1–3–105 (1988) provides, in pertinent part:

(a) Civil actions other than for the recovery of real property can only be brought within the following periods after the cause of action accrues:

\* \* \* \* \* \*

(iv) Within four (4) years, an action for:

\* \* \* \* \* \*

(C) An injury to the rights of the plaintiff, not arising on contract and not herein enumerated \* \* \*.

tions, Barlage argues he was not aware he had a claim against Key Bank although he was aware of the invasion of the water. This contention is not consistent with Wyoming law which, in the area of tort injuries, can perhaps be summarized by the proposition that the occurrence of damage satisfies the requirement that the injured party knew or reasonably should have known of the potential of a wrongful act being the cause. *Anderson; ABC Builders; Duke; Banner v. Town of Dayton*, 474 P.2d 300 (Wyo.1970); *Town Counsel of Town of Hudson v. Ladd*, 37 Wyo. 419, 263 P. 703 (1928). The application of this rule requires us to affirm the decision of the trial court to grant summary judgment because the statute of limitations had run with respect to the tort claims.

■ This leaves only the contention there was a breach of contract. When contract language is plain and unambiguous, the case may be disposed of by summary judgment, the construction of the contract being purely a question of law. *Raymond v. Steen*, 882 P.2d 852 (Wyo.1994); *West Texas Utilities Co. v. Exxon Coal, USA, Inc.*, 807 P.2d 932 (Wyo.1991); *Continental Ins. v. Page Engineering Co.*, 783 P.2d 641 (Wyo.1989). *See also Treemont, Inc. v. Hawley*, 886 P.2d 589 (Wyo.1994).

■ Our scrutiny of this contract leads us to the trial court's conclusion that there is no provision that Key Bank would guarantee a "fit and proper dwelling structure" or any similar language. Consequently, Barlage's claim for breach of contract based upon the presence of such language was appropriately disposed of by summary judgment in the trial court. We note the effort of Barlage to contend that integration should not pertain in this instance because he claims an employee of Key Bank made statements that the house was "structurally sound" and was a "great

buy." Barlage also contends the statement was made that, "all it needed was some cosmetic work; everything else was fine with the house."

The factual debate about whether such statements were made or not simply demonstrates the wisdom of having available a statute of frauds requiring contracts for sale of real property be in writing.[2] *Davis v. Davis*, 855 P.2d 342 (Wyo.1993); *Bethurem v. Hammett*, 736 P.2d 1128 (Wyo.1987); *Crosby v. Strahan's Estate*, 78 Wyo. 302, 324 P.2d 492 (1958). We are satisfied the trial court correctly disposed of the claim of breach of contract even though the trial court did not invoke the statute of frauds with respect to its disposition of the case. Instead, the trial court assumed the integration of the agreement, and relied upon the parol evidence rule in refusing to consider any of the oral representations as sufficient to structure a genuine issue of material fact. This approach is justified. *E.g., Bethurem; Busch Dev., Inc. v. City of Cheyenne*, 645 P.2d 65 (Wyo.1982); *Hollabaugh v. Kolbet*, 604 P.2d 1359 (Wyo. 1980); *Arch Sellery, Inc. v. Simpson*, 346 P.2d 1068 (Wyo.1959); *Cary v. Manfull*, 41 Wyo. 476, 287 P. 433 (1930). The material presented in connection with summary judgment proceedings must be of a character that would justify its admission into evidence at trial. *E.g., Hronek v. St. Joseph's Children's Home*, 866 P.2d 1305 (Wyo.1994); *Lavoie v. Safecare Health Serv., Inc.*, 840 P.2d 239 (Wyo.1992); *Equality Bank of Evansville, Wyo. v. Suomi*, 836 P.2d 325 (Wyo.1992); *Brooks v. Zebre*, 792 P.2d 196 (Wyo.1990); *Keller v. Anderson*, 554 P.2d 1253 (Wyo. 1976).

Essentially, Barlage's approach is to justify reliance upon parol evidence as evidencing fraud in the execution of the contract. We can see no resolution of that approach other

---

2. Wyo.Stat. § 1–23–105(a)(v) (1988) provides:

    (a) In the following cases every agreement shall be void unless such agreement, or some note or memorandum thereof be in writing,

and subscribed by the party to be charged therewith:

  \*    \*    \*    \*    \*    \*

    (v) Every agreement or contract for the sale of real estate, or the lease thereof, for more than one (1) year \* \* \*.

than to conclude a claim for fraud also would be barred by the statute of limitations.

We are satisfied there are no genuine issues of material fact presented in this case, and the trial court correctly applied the law to the facts. The summary judgment is affirmed in all respects.