Karen WOODARD, Appellant (Plaintiff),

v.

COOK FORD SALES, INC.,
Appellee (Defendant).

No. 95–299.

Supreme Court of Wyoming.

Nov. 22, 1996.

Bernard Q. Phelan, Cheyenne, for appellant.

Bruce P. Badley of Badley & Rasmussen, Sheridan, for appellee.

Before TAYLOR, C.J., and THOMAS, MACY, GOLDEN* and LEHMAN, JJ.

LEHMAN, Justice.

Suit was filed by Karen Woodard against Cook Ford Sales, Inc. alleging negligence and breach of contract for damage to her truck which resulted when Cook Ford Sales repaired her truck by "boiling out" the fuel tanks. The district court, without reference to either cause of action, granted Cook Ford Sales' motion for summary judgment on the grounds that the suit was time barred by Wyoming's four-year statute of limitations, W.S. 1–3–105(a)(iv)(B) and (C) (1988).

We affirm the order granting summary judgment, holding that Woodard's negligence claim is barred by the statute of limitations. We reverse the order of summary judgment on the contract claim.

Woodard presents two issues for review:

1. Is a breach of contract claim barred by the expiration of the statute of limitation[s] set forth in W.S. § 1–3–105(a)(iv) which is applicable to an "... injury to the rights of the plaintiff not arising on contract ... ?"

* Chief Justice at time of oral argument.

2. Was Summary Judgment proper when there was a genuine issue of material fact in dispute regarding when the cause of action accrued?

Appellee Cook Ford Sales responds:

I. There is no basis for Appellant's breach of contract claim.

II. Based upon the documents submitted by the Appellant, there is no question of fact in regard to the expiration of the statute of limitations in this action.

Woodard's Ford truck was vandalized by placing mothballs in the fuel tanks. On October 12, 1988, Woodard took her truck to Cook Ford Sales to have it repaired "to run." Cook Ford Sales agreed to repair the pickup by, among other things, "boiling out" the fuel tanks for $5,001.41. The repair order expressly disclaimed all warranties. On November 30, 1988, Cook Ford Sales completed the repair, and Woodard accepted delivery of the truck.

Complaining that it would not "run right" using gasoline as fuel, Woodard returned her truck to Cook Ford Sales three times: on June 23, June 27 and September 28, 1989. On March 8, 1990, Woodard sought the advise of another dealership which, after performing numerous tests, recommended that the carburetor, fuel tanks and fuel lines be replaced. In the summer of 1992, Woodard took her truck to yet another mechanic. Eventually, Woodard had the fuel tanks removed at Riley Motors on March 2, 1993.

On May 6, 1994, Woodard filed a complaint in district court alleging negligence and breach of contract. Woodard argued that not only had Cook Ford Sales negligently repaired her truck by "boiling out" the fuel tanks, but also that it breached its contract by failing to repair the truck "to run." The district court held that Woodard's action was timed barred by Wyoming's four-year statute of limitations.

■ With respect to the negligence claim, Woodard contends that summary judgment was inappropriate because there is a genuine issue of material fact as to when the cause of action accrued. Our standard of review in cases such as this is well delineated. Summary judgment is proper only when there are no genuine issues of material fact and the prevailing party is entitled to judgment as a matter of law. *Fowler v. Westair Enterprises, Inc.,* 906 P.2d 1053, 1055 (Wyo. 1995); *Kahrs v. Board of Trustees for Platte County Sch. Dist. No. 1,* 901 P.2d 404, 406 (Wyo.1995); *see also* W.R.C.P. 56(c). We review the grant of summary judgment according no deference to the district court's decisions on issues of law. *Duncan v. Town of Jackson,* 903 P.2d 548, 551 (Wyo.1995); *Halpern v. Wheeldon,* 890 P.2d 562, 564 (Wyo.1995). We examine the record from the vantage point most favorable to the party who opposed the motion, and we give to that party the benefits of all favorable inferences which may fairly be drawn from the record. *Adkins v. Lawson,* 892 P.2d 128, 130 (Wyo. 1995); *Smith v. Throckmartin,* 893 P.2d 712, 714 (Wyo.1995) (*quoting Baros v. Wells,* 780 P.2d 341, 342 (Wyo.1989)). We do not favor summary judgment in a negligence action; therefore, the summary judgment is subject to more exacting scrutiny. *Duncan,* 903 P.2d at 551.

■ We are in full accord with the determination by the trial court that the statute of limitations had run with respect to Woodard's tort claim. Negligence actions are governed by a four-year limitation specified in W.S. 1–3–105(a)(iv)(B) and (C). Because Wyoming is a "discovery state," the statute of limitations is not triggered until such time as the plaintiff knows or has reason to know of the existence of the cause of action. *Hiltz v. Robert W. Horn, P.C.,* 910 P.2d 566, 570 (Wyo.1996); *Barlage v. Key Bank,* 892 P.2d 124, 126 (Wyo.1995). That rule with respect to tort cases was articulated in *Duke v. Housen,* 589 P.2d 334, *reh'g denied* 590 P.2d 1340 (Wyo.1979), *cert. denied* 444 U.S. 863, 100 S.Ct. 132, 62 L.Ed.2d 86 (1979), and applies even though the damage is slight, continues to occur, or additional damage caused by the same wrongful act may result in the future. *Anderson v. Bauer,* 681 P.2d 1316, 1321 (Wyo.1984).

■ Woodard argues that genuine issues of material fact existed which should have precluded a summary judgment from being entered. Specifically, Woodard argues that

the second mechanic, Jason Clemens, did not run tests on the truck until March 1994. Thus, she claims not to have known prior to May 6, 1990 that there was damage to her vehicle. Woodard maintains that this factual dispute should prevent the entry of a summary judgment because she neither knew nor could have known of the accrual of a cause of action.

We conclude that, even assuming such a factual dispute existed, the statute of limitations issue is still a question of law within the province of the court. *Hiltz*, 910 P.2d at 570. It is clear that Woodard was aware of damage to her truck prior to May 6, 1990. Woodard had taken her truck back to Cook Ford Sales complaining that the truck would not "run right" on gasoline at least three times. And, in contrast to Woodard's affidavit claiming that Clemens did not perform any tests until 1994, the record clearly establishes the tests were performed on March 8, 1990, by the date notation on the computerized test readouts. The uncontroverted facts of this case support the district court's conclusion that a reasonable person would have realized he/she had a cause of action prior to May 6, 1990.

This leaves only the contention of breach of contract. In the trial court's opinion letter and order, the dismissal of plaintiff's claims was based solely upon the four-year statute of limitations. There was no reference to the contract. Wyoming Statute 1–3–105(i) indicates a ten-year limitation for claims based upon a contract in writing. We, therefore, reverse the order granting summary judgment as it pertains to the breach of contract claim.

Affirmed in part and reversed in part.