**Beverly JAMES and Michael "Mick" James, spouse of Beverly James, Appellants (Plaintiffs),**

v.

**Linda MONTOYA and Steve Short, Appellees (Defendants).**

No. 97–97.

Supreme Court of Wyoming.

Aug. 13, 1998.

Maureen T. Donohoue of Donohoue Law Office, Lander, for Appellants(Plaintiffs).

Bradley D. Bonner of Gifford & Bonner, Casper, for Appellees(Defendants).

Before LEHMAN, C.J., and THOMAS, MACY, GOLDEN and TAYLOR,* JJ.

TAYLOR, Justice.

Appellant, Beverly James (James), suffered work-related injuries from exposure to chemicals. The culpable negligence suit filed by James and her husband against her co-workers, appellees, was dismissed as time barred. We affirm.

## I. ISSUE

As stated by appellees, the issue presented for our consideration is: [1]

Did the District Court properly dismiss Plaintiff's complaint with prejudice because the action was not commenced within four years as required by W.S. § 1–3–105, Wyoming's statute of limitations governing negligence actions?

## II. FACTS

On June 30, 1992, James was exposed to chemicals used in the manufacture of pepper mace devices used for personal protection. She sought medical attention, and received worker's compensation benefits for her injuries resulting from this exposure. Four years later, on July 1, 1996, James and her husband filed suit claiming appellees' culpa-

ble negligence caused James' injuries. Service of the summons and complaint on appellees was not accomplished until October 9, 1996, 100 days after suit was filed.

Appellees sought dismissal of the suit pursuant to Wyo. Stat. § 1–3–105(a)(iv)(C) (1997) and W.R.C.P. 3. One day before the hearing on appellees' motion to dismiss, James filed her affidavit and medical records, which appellees moved to strike. The affidavit outlines the course of treatment James received for her chemical exposure. It alleges her injuries were not correctly diagnosed as arising from the chemical exposure until sometime in the spring of 1993. The district court granted appellees' motion to dismiss, finding that appellants' complaint was not filed within the four year statute of limitations. The district court acknowledged the late filed affidavit, but found that the allegations it contained did not change the fact that the statute of limitations began to run on June 30, 1992.

## III. STANDARD OF REVIEW

Although fashioned as a motion to dismiss, appellees' motion became one for summary judgment pursuant to W.R.C.P. 12(b) when the district court considered James' affidavit. *See Burlington Northern R. Co. v. Dunkelberger*, 918 P.2d 987, 990–91 (Wyo.1996). The standard of review for summary judgment is well known:

Summary judgment is proper only where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. * * * This court evaluates the propriety of a summary judgment using the same standards and materials used by the district court. * * * The record is reviewed from the vantage most favorable to the nonmoving party, awarding that party all favorable inferences which may be drawn from the facts. * * * The movant has the initial burden of proving the nonexistence of a genuine issue of material fact. * * * Once a prima facie showing is made, the burden

---

* Chief Justice at time of conference.

1. Appellants' brief does not include a separate statement of issues. *See* W.R.A.P. 7.01. *See also* *37 Gambling Devices (Cheyenne Elks Club and Cheyenne Music and Vending, Inc.) v. State*, 694 P.2d 711, 713 (Wyo.1985).

shifts to the party opposing the motion to present specific facts showing that a genuine issue of material fact does exist.

*Ahearn v. Anderson–Bishop Partnership,* 946 P.2d 417, 421–22 (Wyo.1997).

## IV. DISCUSSION

Wyo. Stat. § 1–3–105(a)(iv)(C) requires appellants to commence their negligence action within four years from the time it accrued. W.R.C.P. 3 explains when an action is deemed to be commenced:

(a) *How commenced.*—A civil action is commenced by filing a complaint with the court.

(b) *When commenced.*—For purposes of statutes of limitation, an action shall be deemed commenced on the date of filing the complaint as to each defendant, if service is made on the defendant * * * within 60 days after the filing of the complaint. If such service is not made within 60 days the action shall be deemed commenced on the date when service is made.

Since more than sixty days had passed between the filing of appellants' complaint and service on appellees, this action was commenced on the date of service, October 9, 1996. The date on which James suffered chemical exposure was June 30, 1992; thus, more than four years passed between the date of injury and commencement of appellants' suit. Unless the statute of limitations accrued on a different date, appellants' suit is time barred.

▬ Wyoming is a "discovery state," meaning the statute of limitations is not triggered until the plaintiff knows or has reason to know of the existence of a cause of action. *Woodard v. Cook Ford Sales, Inc.,* 927 P.2d 1168, 1169 (Wyo.1996); *Hiltz v. Robert W. Horn, P.C.,* 910 P.2d 566, 570 (Wyo.1996); *Barlage v. Key Bank of Wyoming,* 892 P.2d 124, 126 (Wyo.1995). Citing our precedent in the worker's compensation arena as support, appellants argue that their claim was not discovered and therefore did not accrue until James' condition was correctly diagnosed in the spring of 1993.

In worker's compensation cases, we have held that an employee does not discover his claim for a compensable injury, as that term is defined in the worker's compensation context, until he has received a diagnosis of his condition from his physician. *See, e.g., Pittman v. State ex rel. Wyoming Workers' Compensation Div.,* 917 P.2d 614, 617 (Wyo. 1996) and *Olheiser v. State ex rel. Wyoming Worker's Compensation Div.,* 866 P.2d 768, 773 (Wyo.1994). This rule is premised on the statute of limitations found in Wyoming's worker's compensation statutes, which specifically permits claims brought within one year after "a diagnosis of injury is first communicated to the employee * * *." Wyo. Stat. § 27–14–503(b) (1997). Appellants urge us to apply this standard to their claim because the underlying injury was suffered in the workplace.

James has already received worker's compensation benefits for her occupational injury. The action before us does not assert any claims with respect to her receipt of those benefits; it is simply a negligence suit alleging damages resulting from the wrongful acts of co-workers. We see no reason to deviate from the law regarding statutes of limitations applicable to negligence actions.

▬ A tort cause of action accrues when the plaintiff knows or has reason to know that she has suffered damage due to another's wrongful act. *Ogle v. Caterpillar Tractor Co.,* 716 P.2d 334, 337 (Wyo.1986) (*quoting Anderson v. Bauer,* 681 P.2d 1316, 1321 (Wyo.1984)). The statute of limitations begins to run at that time, even when the consequences of the wrongful act are not fully known until later. *Duke v. Housen,* 589 P.2d 334, 343–44 (Wyo.), *cert. denied,* 444 U.S. 863, 100 S.Ct. 132, 62 L.Ed.2d 86 (1979). James' affidavit makes it clear she knew of the wrongful act, and knew she had suffered injury as a result, on June 30, 1992, the day she was exposed to the chemicals. Even though she was not fully aware of the extent of her injury until the following spring, her cause of action accrued and the statute of limitations began to run on that date.

▬ Statutes of limitation do not discriminate between the just and unjust claim. They operate regardless of the merits, and courts have no right to deny their operation.

*Duke,* 589 P.2d at 340. James' injury occurred on June 30, 1992, and the statute of limitations began to run on this negligence action on that date. Appellants' action was commenced on October 9, 1996, more than four years later. There is no dispute of material fact, and the law is clear that this claim is time barred. The district court was correct in dismissing this case.

## V. CONCLUSION

Appellants did not commence this action within four years after the underlying injury occurred. Accordingly, it is barred by the statute of limitations. The order of the district court dismissing this case is affirmed.