Joe DAVIS and Karen Davis,
Appellants (Plaintiffs),

v.

The CITY OF CASPER; Natrona County,
Wyoming; the Board of County Com-
missioners of Natrona County, Wyo-
ming; Appellees (Defendants),

Barnard Realty Company, a partnership;
William N. Barnard, individually; Rob-
ert N. Barnard, individually: Bretton
Corporation; Scott Key and Barbara
Divine, dba Golden Key Construction;
Kelly Heights Development Corpora-
tion; Jerry Ressler, individually; and
Mile Hi Realty, Inc. (Defendants).

Roy COHEE and Barbara Cohee,
Appellants (Plaintiffs),

v.

The CITY OF CASPER; Natrona County,
Wyoming; the Board of County Com-
missioners of Natrona County, Wyo-
ming; Appellees (Defendants),

Barnard Realty Company, a partnership;
William N. Barnard, individually; Rob-
ert N. Barnard, individually; Bretton
Corporation; J.E. Peirce, individually;
and J.E. Peirce Construction, Inc., a
Wyoming corporation (Defendants).

Dennis CLIMER and Mary Climer,
Appellants (Plaintiffs),

v.

The CITY OF CASPER; Natrona County,
Wyoming; the Board of County Com-
missioners of Natrona County, Wyo-
ming; Appellees (Defendants),

Barnard Realty Company, a partnership;
William N. Barnard, individually; Rob-
ert N. Barnard, individually; Bretton
Corporation; and J.E. Peirce Construc-
tion, Inc., a Wyoming corporation (De-
fendants).

Nos. 84–272, 85–4 and 85–5.

Supreme Court of Wyoming.

Dec. 18, 1985.

Ronald A. Kastanek, Casper, for appellants (plaintiffs).

Patricia M. Baird (argued), of Williams, Porter, Day & Neville, Casper, for appellee (defendant), City of Casper.

William S. Bon (argued) and Cameron S. Walker of Schwartz, Bon, McCrary & Walker, Casper, for appellees (defendants), Natrona County and Bd. of County Com'rs of Natrona County.

Before THOMAS, C.J., and ROSE[*], ROONEY[**] BROWN and CARDINE, JJ.

CARDINE, Justice.

The appellants, Davises, Climers, and Cohees, all homeowners in the Kelly-Gate Addition of Casper, appeal the district court's dismissal of appellees, the City of Casper, Natrona County, and the Board of County Commissioners from their negligence suits. Not dismissed from these suits are the construction and realty companies that built the homes in the addition; they are not involved in this appeal. There are two issues on appeal. First, we must decide whether the appellants are barred from suing Natrona County and the Board of County Commissioners because of their failure to comply with § 1–39–113(a), W.S. 1977, 1985 Cum.Supp., which is the claims procedure section of the Wyoming Governmental Claims Act. Second, we must determine whether the statute of limitations provision of the claims act, § 1–39–114, W.S.1977, 1985 Cum.Supp., bars their suit against the City. We will affirm the district court's dismissal of all three appellees from the suit.

## FACTS

During 1976, officials of the City of Casper and Natrona County inspected and approved various stages in the development of the Kelly-Gate Addition. In 1977, the Cohees, Davises, and Climers each purchased a home in the addition. They discovered in the spring of 1981 that their basements leaked. They all filed claims with the City of Casper within two years of the damage as required by § 1–39–113(a), supra, the Wyoming Governmental Claims Act.

None of appellants filed a timely claim as required by § 1–39–113(a), supra, with Natrona County or the County Commissioners. In April of 1984, the Davises filed a complaint in the Seventh Judicial District Court joining as defendants the City of Casper, Natrona County, the County Commissioners, and the builders and realtors with whom they had dealt. The Climers and Cohees filed a similar negligence suit in August of 1984.

The City, County, and Board of Commissioners each moved the district court for dismissal of the suit against them. The court granted each of the motions. The court applied the claims act to the suits and held that the initial claims filed by the appellants against the County and Board of Commissioners were untimely and, therefore, barred. In addition, the court held that the appellants' civil suits against the City had been filed after the statute of limitations of the claims act had run.

## THE DISMISSAL OF NATRONA COUNTY AND THE COUNTY COMMISSIONERS

Section 1–39–104(a), W.S.1977, 1985 Cum. Supp., of the Wyoming Governmental Claims Act gives immunity from tort liability to governmental entities and public employees acting in the scope of their employ-

[*] Retired November 1, 1985.

[**] Retired November 30, 1985.

ment "except as provided by W.S. 1–39–105 through 1–39–112." Thus, there can be no tort suit against governmental entities unless expressly permitted by the act. *Hurst v. State*, Wyo., 698 P.2d 1130, 1132 (1985).

Even when there is an exception to immunity in the act under which suit is allowed, the plaintiff must comply with an important procedural hurdle. Section 1–39–113(a) of the claims act provides:

"No action shall be brought under this act against a governmental entity unless the claim upon which the action is based is presented to the entity as an itemized statement in writing within two (2) years of the date of the alleged act, error or omission, except that a cause of action may be instituted not more than two (2) years after discovery of the alleged act, error or omission, if the claimant can establish that the alleged act, error or omission was:

"(i) Not reasonably discoverable within a two (2) year period; or

"(ii) The claimant failed to discover the alleged act, error or omission within the two (2) year period despite the exercise of due diligence."

The appellants, the County, and the County Commissioners assume that the Wyoming Governmental Claims Act and, therefore, § 1–39–113(a) of the act, does not apply to claims that have arisen prior to the effective date of the act. Although we note that this section does not expressly limit itself to post-claims-act torts, we agree with the parties that it should be so limited. Section 1–39–113(a) should be given purely prospective effect so that the section's procedural rules govern only tort victims who have notice of those rules. Also, § 1–39–113(a) is inextricably linked to § 1–39–114, the statute of limitations section, which is explicitly limited in application to post-claims-act torts. We, therefore, hold that the Wyoming Governmental Claims Act, including the two-year claim

filing period found in § 1–39–113(a), supra, only governs claims that accrue after June 30, 1979, the effective date of the act.

The question still to be answered in this case is whether the tort claims, on which appellants sued, accrued before or after June 30, 1979. The appellants argue that the torts occurred in 1976 when the governmental officers committed negligent acts. They believe that a tort can occur without damage. In our recent decision in *Anderson v. Bauer*, Wyo., 681 P.2d 1316, 1321 (1984), we held otherwise. We stated that, "[e]ach homeowner's cause of action accrued on or about the date water seepage was first noticed and *damage occurred* * * *." (Emphasis added.) In other words, a tort is not complete and actionable until all the elements, duty, breach, proximate cause, and damage, are present. *Duke v. Housen*, Wyo., 589 P.2d 334, 340–341 (1979).

In this case, the appellants admit that they did not notice the damage before the spring of 1981. Nor do they claim that the damage occurred before that time.[1] Their causes of action accrued in the spring of 1981 when damage occurred. It was necessary that they present their claims to Natrona County and the Board of Commissioners within the two-year period provided in § 1–39–113(a), supra, in other words, by the spring of 1983.[2] They did not do so and are barred from bringing their action because a failure to file a timely claim is an absolute bar to suit. *Lafferty v. Nickel*, Wyo., 663 P.2d 168, 172 (1983).

### THE DISMISSAL OF THE CITY OF CASPER

The claims procedure statute discussed above, § 1–39–113(a), does not bar the appellants' suits against the City of Casper. The appellants all filed claims against the City within two years of the

---

1. There is some evidence that the Davises discovered some leakage in August of 1980, but in any case, the Davises' damage did not occur until after June 30, 1979.

2. Both a county and a board of county commissioners are defined as governmental entities in the act. Section 1–39–103(a), W.S.1977, 1985 Cum.Supp.

date upon which they discovered the water in their basements and suffered damage.

A timely claim, however, is not the only procedural requirement of the claims act. The act's statute of limitations, § 1–39–114 provides in part:

> "Except as otherwise provided, actions against a governmental entity or a public employee acting within the scope of his duties for torts occurring after June 30, 1979 which are subject to this act shall be forever barred unless commenced within one (1) year after the date the claim is filed pursuant to W.S. 1–39–113."

Appellants filed suit against the City more than a year after they timely filed their claims; and, according to the provisions of § 1–39–114, supra, the actions are barred by the one-year limitation period.[3] The suit against the City was, therefore, properly dismissed by the court.

Affirmed.

---

**3.** The Davises filed two claims. Their lawsuit was filed within a year after the untimely claim but not within a year after their timely claim. We will ignore an untimely claim for purposes of the act's statute of limitations calculations.