**E. Michael LIEBERMAN, Appellant (Defendant),**

v.

**WYOMING.COM LLC, a Wyoming Limited Liability Company, Appellee (Plaintiff).**

No. 99–97.

Supreme Court of Wyoming.

Sept. 21, 2000.

**354**

Representing Appellant: William D. Bagley of Bagley Law Office, Cheyenne, WY. Argument by Mr. Bagley.

Representing Appellee: Alexander K. Davison of Patton & Davison, Cheyenne, WY. Argument by Mr. Davison.

Before LEHMAN, C.J., and THOMAS, MACY,* GOLDEN, and HILL, JJ.

* Retired June 2, 2000.

LEHMAN, Chief Justice.

In this case, we review a summary judgment in favor of appellee Wyoming.com LLC, directing it to return only the capital contribution made by a withdrawing member of the LLC, appellant E. Michael Lieberman (Lieberman). Although the district court correctly resolved the return of Lieberman's capital contribution, its order does not resolve the question of what became of the rest of Lieberman's interest in the company. We affirm in part and reverse and remand for full resolution of the parties' dispute.

## ISSUES

In his brief, Lieberman raises three issues:

Issue No. 1: Unless otherwise provided in the Articles or Operating Agreement, is a member withdrawing from a Wyoming Limited Liability Company entitled to demand and receive the fair market value of his share of the business as a going concern, if the Company elects to continue?

Issue No. 2: Absent agreement, is there authority for the withdrawing Member's contribution to be valued at less than the fair value of his equity in the Company?

Issue No. 3: Did the District Court err in granting Summary Judgment on disputed material issues of fact?

Appellee, Wyoming.com LLC, presents this statement of the issues:

1. Whether a member who withdraws from a Wyoming limited liability company is entitled to demand and receive only the return of his contributions to capital when the limited liability company elects to continue, is in accord with Wyoming law?

2. Whether the trial court's grant of summary judgment in favor of appellee was proper.

1. Wyo. Stat. Ann. § 17–15–107(a)(v) (Lexis 1999) requires the articles of organization of an LLC to set forth the total amount of cash and a description and agreed value of property other than cash contributed to the LLC.

2. Wyo. Stat. Ann. § 17–15–115 (Lexis 1999), contributions to capital, provides:

The contributions to capital of a member to the limited liability company may consist of

## FACTS

On September 30, 1994, Steven Mossbrook, Sandra Mossbrook, and Lieberman created Wyoming.com LLC by filing Articles of Organization with the Wyoming Secretary of State. The initial capital contributions to Wyoming.com were valued at $50,000.[1] Lieberman was vested with an initial capital contribution of $20,000, to consist of services rendered and to be rendered.[2] According to the Articles of Organization, Lieberman's contribution represented a 40% ownership interest in the LLC. The Mossbrooks were vested with the remaining $30,000 capital contribution and 60% ownership interest. In August of 1995, the Articles of Organization of Wyoming.com were amended to reflect an increase in capitalization to $100,000.[3] The increase in capitalization was the result of the addition of two members, each of whom was vested with a capital contribution of $25,000, representing a 2.5% ownership interest for each new member. Despite the increase in capitalization, Lieberman's ownership interest, as well as his stated capital contribution, remained the same.

On February 27, 1998, Lieberman was terminated as vice president of Wyoming.com and required to leave the business premises. The other members of Wyoming.com met the same day and approved and ratified the termination.[4] On March 13, 1998, Lieberman served Wyoming.com and its members with a document titled "Notice of Withdrawal of Member Upon Expulsion: Demand for Return of Contributions to Capit[a]l." In addition to giving notice of his withdrawal from the company, Lieberman's notice demanded the immediate return of "his share of the current value of the company," estimating the value of his share at $400,000, "based on

cash or other property, promissory notes or services rendered or to be rendered.

3. Wyo. Stat. Ann. § 17–15–129(b)(i) (Lexis 1999) requires that an LLC amend its articles of organization when there is a change in the amount or the character of the contributions to capital.

4. Paragraph 7.4 of the Operating Agreement provides, "Any officer may be removed at any time by the Members with or without cause."

a recent offer from the Majority Shareholder."

In response to Lieberman's notice of withdrawal, the members of Wyoming.com held a special meeting on March 17, 1998, and accepted Lieberman's withdrawal. The members also elected to continue, rather than dissolve, Wyoming.com. Additionally, they approved the return of Lieberman's $20,000 capital contribution. However, Lieberman refused to accept the $20,000 when it was offered.

Wyoming.com filed suit in June of 1998 asking for a declaration of its rights against Lieberman. Lieberman filed suit the same month requesting dissolution of Wyoming.com, and the actions were consolidated. After a hearing on cross motions for summary judgment, the district court granted Wyoming.com's motion for summary judgment and denied Lieberman's motion for partial summary judgment. The district court ruled that, because the remaining members of Wyoming.com LLC agreed to continue the business under a right to do so in the Articles of Organization, the company was not in a state of dissolution. The district court further ruled that Lieberman had the right to demand return of only his stated capital contribution, $20,000, which the district court ordered to be paid in cash. Lieberman appealed.

### STANDARD OF REVIEW

The district court resolved this case by the grant and denial of cross motions for summary judgment. Generally, a denial of a motion for a summary judgment is not an appealable final order. *Wolter v. Equitable Resources Energy Co., Western Region,* 979 P.2d 948, 953 (Wyo.1999); *Matter of Adoption of MSVW,* 965 P.2d 1158, 1161 (Wyo. 1998). However, there are exceptions to this rule. One exception we have adopted is that, when the district court grants one party's motion for a summary judgment and denies the opposing party's motion for a summary judgment and the district court's decision completely resolves the case, both the grant and the denial of the motions for a summary judgment are subject to appeal. *Matter of Adoption of MSVW,* 965 P.2d at 1162.

The parties in this case filed opposing motions for a summary judgment. Although Lieberman's motion was one for a partial summary judgment, the district court appears to have disposed of the entire case in a single order by denying Lieberman's motion and granting Wyoming.com's motion. We will, therefore, afford review of the entire matter, including the denial of Lieberman's motion. *Matter of Adoption of MSVW,* 965 P.2d at 1162.

Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. W.R.C.P. 56(c); *Snyder v. Lovercheck,* 992 P.2d 1079, 1083 (Wyo.1999). We review a summary judgment in the same light as the district court, using the same materials and following the same standards. *Id.*; *40 North Corp. v. Morrell,* 964 P.2d 423, 426 (Wyo.1998). We examine the record from the vantage point most favorable to the party opposing the motion, and we give that party the benefit of all favorable inferences that may fairly be drawn from the record. *Id.* A material fact is one which, if proved, would have the effect of establishing or refuting an essential element of the cause of action or defense asserted by the parties. *Id.* If the moving party presents supporting summary judgment materials demonstrating no genuine issue of material fact exists, the burden is shifted to the non-moving party to present appropriate supporting materials posing a genuine issue of a material fact for trial. *Roberts v. Klinkosh,* 986 P.2d 153, 155 (Wyo.1999); *Downen v. Sinclair Oil Corp.,* 887 P.2d 515, 519 (Wyo. 1994). We review a grant of summary judgment deciding a question of law de novo and afford no deference to the district court's ruling. *Roberts v. Klinkosh,* 986 P.2d at 156; *Blagrove v. JB Mechanical, Inc.,* 934 P.2d 1273, 1275 (Wyo.1997).

### DISCUSSION

Because this case presents our first opportunity to interpret the Wyoming LLC act, we make a few preliminary observations. Wyoming initiated a national movement in 1977 when it adopted the first limited liability

company act in the United States. *See* Carter G. Bishop, *Treatment of Members Upon Their Death and Withdrawal from a Limited Liability Company: The Case for a Uniform Paradigm,* 25 Stetson L.Rev. 255, 256 (1995); 1977 Wyo. Sess. Laws ch. 158. As a business entity, limited liability companies are a conceptual hybrid, sharing some of the characteristics of partnerships and some of corporations. "In general, the purpose of forming a limited liability company is to create an entity that offers investors the protections of limited liability and the flow-through tax status of partnerships." Jonathan R. Macey, *The Limited Liability Company: Lessons for Corporate Law,* 73 Wash.U.L.Q. 433, 434 (1995); Tassma A. Powers & Deby L. Forry, *Partnership Taxation & the Limited Liability Company: Check out the Check–the–Box Entity Classification,* 32 Land & Water L.Rev. 831 (1997).

Little case law exists regarding a member's interest in a LLC. Regardless, the precedential value of cases from other jurisdictions is questionable: "Widely divergent rules on the effects of member dissociation will ultimately create confusion and inhibit the development of uniform case law. As a result, case law will have little precedential value from state to state." *See* Carter G. Bishop, *Treatment of Members Upon Their Death and Withdrawal from a Limited Liability Company: The Case for a Uniform Paradigm,* 25 Stetson L.Rev. 255, 261–63 (1995). Therefore, we must focus our review on the Wyoming LLC act as well as Wyoming.com's Articles of Organization and Operating Agreement.

Under the Wyoming LLC act, a member's interest in an LLC consists of economic and non-economic interests. One interest is a member's capital contribution, which a member may withdraw under certain conditions. Wyo. Stat. Ann. §§ 17–15–115 and 120. A member also generally has the right to receive profits. Wyo. Stat. Ann. § 17–15–119. A member's interest also usually grants him the ability to participate in management. Wyo. Stat. Ann. § 17–15–116. Overall, a member's interest is transferable, although the management rights of a transferee may be limited. Wyo. Stat. Ann. § 17–15–122. While these statutory provisions provide some guidance regarding a member's interest, we must also look at an LLC's operating agreement and articles of organization.

■ Turning to the issues presented, we first address whether Lieberman's withdrawal triggered dissolution of Wyoming.com. Wyo. Stat. Ann. § 17–15–123(a)(iii) (Lexis 1999)[5] requires that, upon withdrawal of a member, the LLC must dissolve unless all the remaining members of the company consent to continue under a right to do so stated in the articles of organization. Paragraph 9 of the Articles of Organization of Wyoming.com LLC permits continuation:

> 9. **Continuity.** The remaining members of the LLC, providing they are two or more in number, will have the right to continue the business on the death, retirement, resignation, expulsion, bankruptcy or dissolution of a member or occurrence of any other event which terminates the continued membership of a member in this LLC, in accordance with the voting provisions of the Operating Agreement of the Company.

The minutes of a March 17, 1998, special meeting of Wyoming.com reflect that the remaining members of Wyoming.com elected to continue the LLC after Lieberman's departure.[6] This set of undisputed facts[7] estab-

---

**5.** Wyo. Stat. Ann. § 17–15–123(a)(iii) provides:

(a) A limited liability company organized under this chapter shall be dissolved upon the occurrence of any of the following events:

\* \* \*

(iii) Upon the death, retirement, resignation, expulsion, bankruptcy, dissolution of a member or occurrence of any other event which terminates the continued membership of a member in the limited liability company, unless the business of the limited liability company is continued by the consent of all the remaining members under a right to do so stated in the articles of organization of the limited liability company.

**6.** Although Lieberman argues he was expelled from the LLC, neither the Operating Agreement nor Wyo. Stat. Ann. § 17–15–123(a)(iii) draws a distinction between expulsion and withdrawal.

**7.** We make our decision based on the record presented. However, we observe there may be an issue whether *all* the remaining members of Wyoming.com agreed to continue the LLC after

lishes there was no dissolution, and Lieberman is not entitled to distribution of assets under Wyo. Stat. Ann. § 17–15–126,[8] as he claimed.

■ We next address the propriety of the return of contributions to capital. In his notice of withdrawal, Lieberman invoked Wyo. Stat. Ann. § 17–15–120, which provides in pertinent part:

§ 17–15–120. Withdrawal or reduction of members' contributions to capital.

(a) A member shall not receive out of limited liability company property any part of his or its contribution to capital until:

(i) All liabilities of the limited liability company, except liabilities to members on account of their contributions to capital, have been paid or there remains property of the limited liability company sufficient to pay them;

(ii) The consent of all members is had, unless the return of the contribution to capital may be rightfully demanded as provided in this act;

(iii) The articles of organization are cancelled or so amended as to set out the withdrawal or reduction.

(b) Subject to the provisions of subsection (a) of this section, a member may rightfully demand the return of his or its contribution:

\* \* \*

(ii) Unless otherwise prohibited or restricted in the operating agreement, after the member has given all other members of the limited liability company prior notice in writing in conformity with the operating agreement. If the operating agreement does not prohibit or restrict the right to demand the return of capital and no notice period is specified, a member making the demand must give six (6) months prior notice in writing.

In applying § 17–15–120(b)(ii), we note that Wyoming.com's Operating Agreement does not prohibit or restrict the right of a member to demand the return of capital contribution. It is undisputed that Lieberman's stated capital contribution was $20,000 when the LLC was formed and that no subsequent amendment to the Articles of Organization changed the stated amount of his contribution. Furthermore, the remaining members of Wyoming.com agreed to return $20,000 to Lieberman, and neither party contends he is not entitled to the return of $20,000. Under these circumstances, Lieberman is entitled to the return of his capital contribution pursuant to Wyo. Stat. Ann. § 17–15–120.[9] How-

---

Lieberman's withdrawal. In his brief in support of his motion for summary judgment, Lieberman asserted the Articles of Organization had been amended on February 3, 1997, to reflect an ownership change and that one Forrest Sprout held a 1% interest in the LLC. The minutes of the meeting triggered by Lieberman's withdrawal do not indicate that Sprout participated in the decision to continue Wyoming.com. However, because Lieberman supported the contention in his brief with neither an affidavit, the amendment to the articles, nor any other evidence, we cannot consider the legal ramifications of Sprout's non-participation in the decision to continue. In addition to not knowing whether the amendment was made, we know neither whether Sprout remained a member when the decision to continue was made nor do we know the extent of Sprout's rights to participate in such a decision. See Wyo. Stat. Ann. § 17–15–122 (unless all remaining members of the LLC agree, "the transferee of a member's interest shall have no right to participate in the management of the business and affairs of the limited liability company or to become a member.")

8. Wyo. Stat. Ann. § 17–15–126, Distribution of assets upon dissolution, provides:

(b) Subject to any statement in the operating agreement, members share in the limited liability company assets in respect to their claims for capital and in respect to their claims for profits or for compensation by way of income on their contributions, respectively, in proportion to the respective amounts of the claims.

Even if Wyoming.com were in a state of dissolution, § 17–15–126(b) is "subject to any statement in the operating agreement," and Article VI of the Operating Agreement would appear to control liquidation of Wyoming.com's assets.

9. Pursuant to Wyo. Stat. Ann. § 17–15–121, a contributor who withdraws capital contributions remains liable:

(d) When a contributor has rightfully received the return in whole or in part of the capital of his or its contribution, the contributor is nevertheless liable to the limited liability company, for a period of six (6) years after return of the capital contribution, for any sum, not in excess of the return without interest, necessary to discharge its liability to all creditors of the limited liability company who extended credit during the period the capital contribution was held by the limited liability company or whose claims arose before the return.

ever, the question is whether the return is limited to the sum of $20,000.

■ Lieberman claims the term "contribution to capital" found in Wyo. Stat. Ann. § 17–15–120 should be interpreted to encompass the fair market value of his interest in the LLC and that his return should not be limited to the amount of his initial capital contribution. At this juncture, a distinction must be drawn between withdrawal of a member's capital contribution and the withdrawal from membership in an LLC, often termed dissociation. After a thorough review of § 17–15–120, we conclude nothing in that provision contemplates a member's rights upon dissociation. Besides the fact that § 17–15–120 speaks only to withdrawal of capital contributions, other provisions in the LLC act support our conclusion that § 17–15–120 does not govern dissociation. The following passage from § 17–15–119, which controls division of profits, envisions withdrawal of capital contribution without dissociation: "If the operating agreement does not so provide, distributions shall be made on the basis of the value of the contributions made by each member to the extent they have been received by the limited liability company and have not been returned." This quoted material clearly contemplates a situation where a member has withdrawn some (or even all) of his capital contribution but has not dissociated as a member. We conclude a withdrawal of capital contributions pursuant to § 17–15–120 does not also govern a member's rights upon dissociation.

■ In addition, we conclude § 17–15–120 permits the return of only the initial or stated capital contribution of a member. First and foremost, nothing in § 17–15–120 indicates that fair market value of a member's interest is to be included in the amount to be paid to a member upon withdrawal of that member's capital contribution. In addition, § 17–15–129(b)(i) requires amendment to an LLC's articles of organization when the amount or character of contributions changes. Thus, the amount of a member's capital contribution is a constant not subject to market fluctuations. Numerous LLC acts from other states do allow a member to receive the fair market value (or fair value) of the member's interest. However, those provisions generally contemplate dissociation, not simply withdrawal of capital contributions.[10]

■ The foregoing discussion disposes of Lieberman's claim that he is entitled to demand dissolution under Wyo. Stat. Ann. § 17–15–120(d), which provides in pertinent part:

17–15–120. Withdrawal or reduction of members' contributions to capital.

* * *

(d) A member of a limited liability company may have the limited liability company dissolved and its affairs wound up when:

(i) The member rightfully but unsuccessfully has demanded the return of his or its contribution[.]

To compel dissolution under this provision, Lieberman's demand for the return of his capital contribution must have been unsuccessful. The record establishes, and Lieberman does not deny, that Wyoming.com offered to return his $20,000 capital contribution. Because Lieberman has been offered all that to which he is entitled, his demand for the return of his capital contri-

10. *See* Ariz.Rev.Stat. Ann. § 29–707 (West 1998 Supp.); Ark.Code Ann. § 4–32–603 (Michie 1996 Repl.) (Distributions on an event of dissociation); Del.Code Ann. Tit. 6 § 18–604 (1999) (Distribution upon resignation); Fla. Stat. Ann. § 608.427 (West 2000 Supp.) (Withdrawal of member and distribution upon withdrawal); Ga.Code Ann. § 14–11–405 (Harrison 1999 Supp.) (Distributions to disassociated members); Ill.Ann.Stat. ch. 805, para. 180/35–60 (West 2000 Supp.); Ind. Code Ann. § 23–18–5–5.1 (Michie 2000 Supp.) (Rights of dissociating member); Iowa Code Ann. § 490A.805 (West 1999) (Distribution upon withdrawal); Mich. Stat. Ann. § 21.198(4305) (Law. Co-op 2000 Supp.) (Distributions to withdrawing member); Mo. Ann. Stat. § 347.103 (Vernon Supp.2000); N.J. Stat. Ann. 42:2B–39 (West Supp.2000) (Member entitled to receive distribution upon resignation); N.M. Stat. Ann. § 53–19–24 (Michie Supp.1993) (Distribution on event of dissociation); N.Y. Ltd. Liab. Co. Law Vol. 32A § 509 (McKinney Supp.2000) (Distribution upon withdrawal); Wis. Stat. Ann. § 183.0604 (West Supp.1999); Franklin E. Gevurtz, *Squeeze-outs and Freeze-outs in Limited Liability Companies*, 73 Wash.U.L.Q. 497, 514–15 n. 95 (1995).

bution has not been unsuccessful for purposes of § 17–15–120(d)(i). He, therefore, cannot compel dissolution under § 17–15–120(d)(i). This, however, does not end our discussion.

Having determined that § 17–15–120 does not control a member's rights upon dissociation, we must determine what became of Lieberman's interest, other than his capital contribution, in Wyoming.com. Unfortunately, it is unclear from the district court's decision letter precisely what became of Lieberman's ownership interest. The Articles of Organization of Wyoming.com credited Lieberman with a 40% ownership interest in Wyoming.com, and he now argues he is entitled to payment for this interest at fair market value. In the alternative, he contends he retains that 40% interest because the district court has not resolved that portion of the parties' dispute.[11] Wyoming.com disagrees.

■ We begin by examining Lieberman's notice of withdrawal. Lieberman strongly disputes any contention that he has simply forfeited his interest, other than his capital contribution, in the LLC. After examining the notice of withdrawal, we cannot say, as a matter of law, that Lieberman forfeited his interest upon his withdrawal because nothing in his withdrawal indicates his intent to do so. Indeed, Lieberman's demand for "his share of the current value of the company," whose value he estimated at $400,000, "based on a recent offer from the Majority Shareholder," indicates he would not easily part with, much less forfeit, his interest. Because we cannot say that, as a matter of law, Lieberman's withdrawal amounted to forfeiture of his interest, and because there is no statutory provision governing dissociation, we look to Wyoming.com's Operating Agreement to determine Lieberman's remedy.

■ Under the Wyoming.com's Operating Agreement, a member's equity interest was to be represented by a membership certificate. The Operating Agreement provides:

**11.** In his brief, Lieberman repeatedly claims his equity interest is 37%. Again, however, based on

## ARTICLE IV
### Membership Certificates and their Transfer

**4.1 Certificates.** Membership Certificates representing equity interest in the Company will be in the form determined by the Members. Membership Certificates must be signed by the President and by all other Members. The name and address of the person to whom the Membership Certificate is issued, with the percentage of ownership represented by the certificate, must be entered in the Certificate Register of the Company. In case of a lost, destroyed or mutilated Membership Certificate, a new one may be issued on the terms and indemnity to the Company as the Members may prescribe.

**4.2 Certificate Register.** A Certificate Register will be maintained showing the names and addresses of all members, their total percentage of ownership represented by Membership Certificates, and their respective amount of capital contribution. Any and all changes in Members or their amount of capital contribution may be formalized by filing notice of the same with the Secretary of State by amendment of the Articles of Organization.

**4.3 Transfers of Shares.** Any Member proposing a transfer or assignment of his Certificate must first notify the Company, in writing, of all the details and consideration for the proposed transfer or assignment. The Company, for the benefit of the remaining Members, will have the first right to acquire the equity by cancellation of the Certificate under the same terms and conditions as provided in the formal Articles of Organization as filed with the Wyoming Secretary of State for Members who are deceased, retired, resigned, expelled, or dissolved.

If the Company declines to elect this option, the remaining Members who desire to participate may proportionately (or in the proportions as the remaining Members may agree) purchase the interest under the same terms and conditions first proposed by the withdrawing Member.

the record before us, we will use the 40% figure.

If the transfer or assignment is made as originally proposed and the other Members fail to approve the transfer or assignment by unanimous written consent, the transferee or assignee will have no right to participate in the management of the business and affairs of the Company or to become a Member. The transferee or assignee will only be entitled to receive the share of the profit or other compensation by way of income and the return of contributions to which that Member would otherwise be entitled.

Provision 2.5 provides:

**2.5 Quorum.** At any meeting of the Members, a majority of the equity interests, as determined from the capital contribution of each Member as reflected by the books of the Company, represented in person or by proxy, will constitute a quorum at a meeting of Members.

Provision 2.7 provides:

> **2.7 Voting by Certain Members.** Membership Certificates standing in the name of a corporation, partnership or Company may be voted by the officer, partner, agent or proxy as the Bylaws of the entity may prescribe or, in the absence of such provision, as the Board of Directors of the entity may determine. Certificates held by a trustee, personal representative, administrator, executor, guardian or conservator may be voted by him, either in person or by proxy, without a transfer of the certificates into his name.

Under these provisions, it is clear that a member's interest in Wyoming.com was to be represented by membership certificates. There is nothing in the record indicating what became of Lieberman's membership certificate; there is no indication it has been canceled or forfeited.

Wyoming.com's action against Lieberman was commenced as a declaratory judgment action. The stated purpose of the Uniform Declaratory Judgments Act is "to settle and to afford relief from uncertainty and insecurity with respect to legal relations * * *." Wyo. Stat. Ann. § 1–37–114 (Lexis 1999). The act is to be liberally construed to this end. *Id.*; *Reiman Corp. v. City of Cheyenne*, 838 P.2d 1182, 1185 (Wyo.1992); *In re General Adjudication of All Rights to Use Water in the Big Horn River System*, 753 P.2d 76, 114 (Wyo.1988); *Brimmer v. Thomson*, 521 P.2d 574, 577 (Wyo.1974).

> As a measure of preventive justice, the declaratory judgment probably has its greatest efficacy. It is designed to enable parties to ascertain and establish their legal relations, so as to conduct themselves accordingly, and thus avoid the necessity of future litigation.

*Reiman Corp. v. City of Cheyenne*, 838 P.2d at 1185 (quoting Edwin M. Borchard, *The Declaratory Judgment—A Needed Procedural Reform (Part II)*, 28 Yale L.J. 105, 110 (1918)). Here, the parties remain uncertain as to their legal relationship because it is unclear what became of Lieberman's ownership or equity interest (as represented by a membership certificate). Therefore, we conclude it appropriate to remand to the district court for a full declaration of the parties' rights.

### CONCLUSION

We affirm the district court's determination that Wyoming.com is not in a state of dissolution and that Lieberman is entitled to the return of his capital contribution, $20,000. However, questions remain regarding Lieberman's equity interest, which was to be represented by his membership certificate. This case is thus remanded for a full resolution of the controversy between the parties.